PETER W. BELINGALL, plaintiff in error, *v.* HEZEKIAH H. GEAR, defendant in error.

*Error to Jo Daviess.*

The return of a sheriff to a *scire facias* to foreclose a mortgage, in these words: "Executed this 20th day of April, 1839, by reading. MOSES HALLETT, Sheriff." is insufficient, and will not authorize a judgment against the defendant by default.

Before a court is authorized to render a judgment by default, it must appear clearly and affirmatively, by the return of the officer charged by law with the service of the process, that the defendant has been regularly served. The return should show the time and mode of the service, and on whom it was made.

THE proceedings in this cause were heard in the Court below, at the October term, 1840, before the Hon. Dan. Stone.

J. B. THOMAS and M. BRAYMAN, for the plaintiff in error:

It is well settled, that unless there is due service of process, the defendant cannot be prejudiced for not appearing, the proceedings being *coram non judice.* Ditch *v.* Edwards, 1 Scam. 127; Wilson *v.* Greathouse, 1 Scam. 174; Clemson *et al. v.* Hamm, 1 Scam. 176; Ogle *v.* Coffey, 1 Scam. 239; Mitcheltree *v.* Stewart *et al.*, 2 Scam. 20; Townsend *v.* Griggs, 2 Scam. 365.

SCHUYLER STRONG, for the defendant in error.

TREAT, Justice, delivered the opinion of the Court:

This was a proceeding by *scire facias*, instituted by Gear against Belingall, to foreclose a mortgage. The sheriff's return on the *scire facias* is in these words, "Executed this 20th day of April, 1839, by reading.           "MOSES HALLETT, Sheriff."

At a succeeding term, the default of Belingall was entered, and a judgment rendered against him for $336.40, with an order for a special writ of *scire facias*, to sell the mortgaged premises.

The rendition of this judgment is now assigned for error. The propriety of the decision depends on the question, whether there

was a sufficient service of the *scire facias*. The 18th section of the " ACT *concerning Judgments and Executions*," (1) under which the proceeding by *scire facias* to foreclose a mortgage is had, requires the sheriff to whom the *scire facias* is directed, to make known to the mortgagor, to show cause why judgment shall not be rendered, for the amount due on the mortgage. The service, then, is to be made on the defendant personally. The sheriff is to "make known" to the mortgagor the object of the proceeding, by reading to him the *scire facias*, the usual mode in which service of a summons and other process is made, where no particular mode is prescribed by the statute, as in the service of a petition and summons, and process in chancery, by the delivery of a copy. Does it appear from the return of the sheriff, that the *scire facias* was read to Belingall, the mortgagor? Before a court is authorized to render a judgment by default, it must appear clearly and affirmatively, by the return of the officer charged by law with the service of the process, that the defendant has been regularly served. The return should show the time and mode of the service, and on whom it.was made. It is this service which gives the court jurisdiction over the person of the defendant, and without it, or his voluntary appearance, to the action, its proceedings are irregular and erroneous. (2)

Testing this case by this rule, it does not appear that Belingall was duly served with the *scire facias*. The return states the time and manner of the service, but omits to state on whom it was made. This is left wholly to inference. As the cause will be remanded, the sheriff can amend the return, if the facts of the case warrant it, by stating that service was made on Belingall; if otherwise, an *alias scire facias* can issue; in either event, the mortgagor to be permitted to appear and plead to the action.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*

(1) R. L. 376; Gale's Stat. 393.
(2) Wilson v. Greathouse, 1 Scam. 174; Townsend v. Griggs, 2 Scam. 365.